IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

TRACY LEE BRONSON,                                           PETITIONER
ADC #171510

CASE NO. 4:20-CV-1183-BSM-BD

DEXTER PAYNE, Director,
Arkansas Division of Correction                              RESPONDENT

## RECOMMENDED DISPOSITION

**I.   Procedure for Filing Objections:**

This Recommendation for dismissal has been sent to Judge Brian S. Miller. Either party may file objections if they disagree with the findings or conclusions set out in the Recommendation. Objections should be specific and should include the factual or legal basis for the objection.

To be considered, objections must be filed within 14 days. If parties do not file objections, they risk waiving the right to appeal questions of fact. And, if no objections are filed, Judge Miller can adopt this Recommendation without independently reviewing the record.

**II.  Background:**

**A. Trial Proceedings**

Petitioner Tracy Lee Bronson was convicted of rape in Garland County Circuit Court Case No. 26CR-17-23 on October 23, 2018.[1] (Doc. No. 9-2 at pp. 177-178 & 180-

---

[1] Case information is publicly available at "CourtConnect" on the Arkansas Judiciary's homepage, https://caseinfo.arcourts.gov/cconnect/.

184) In his response to Mr. Bronson's petition for habeas corpus relief, Director Payne recited the facts of the underlying criminal case: Mr. Bronson was charged with rape after engaging in sexual intercourse with an eight-year-old girl. Evidence of Mr. Bronson's prior sexual acts with another underage girl were admitted during trial under the "pedophile exception" to ARK. R. EVID. 404(b). (Doc. No. 10-4 at pp. 6-7)

On October 24, 2018, the trial court sentenced Mr. Bronson to seventy years' incarceration in the Arkansas Department of Correction. (Doc. No. 9 at p. 4); see also Sentencing Order, *State v. Bronson*, 26CR-17-23 (Oct. 24, 2018).

### B. State Post-Conviction Remedies

Mr. Bronson timely filed a direct appeal brief with the Arkansas Court of Appeals on August 28, 2019. (Doc. No. 9-5) The only issue raised on appeal was the trial court's alleged error in admitting evidence of Mr. Bronson's prior sexual acts. *Id.* The Arkansas Court of Appeals affirmed Mr. Bronson's conviction on January 29, 2020 and issued a mandate on February 28, 2020. (Doc. No. 9-7; Doc. No. 9-8).

On June 12, 2020, Mr. Bronson filed a motion for an extension of time to file a postconviction petition under ARK. R. CRIM. P. 37.1. (Doc. No. 9-9) In the motion, Mr. Bronson informed the court that he had never received notice from his attorney, Steven Davis, that the appellate mandate had been issued; and thus, he had no notice of the April 28, 2020 deadline for filing a petition for postconviction relief. *Id.* Furthermore, Mr. Bronson stated that he had not heard from Mr. Davis in 19 months, despite numerous attempts to contact him about the status of his case. He also stated that he was unaware that his conviction had been affirmed until he received a letter from the clerk of court on

May 20, in response to his May 13 letter to the clerk requesting an update on the status of his case. *Id.*; Doc. No. 2 at p.32. On June 19, 2020, the trial court denied Mr. Bronson's motion for an extension of time to file a postconviction petition. (Doc. No. 9-10)

Undeterred, on July 20, 2020, Mr. Bronson filed his Rule 37 petition, arguing that his untimeliness was the fault of his attorney. (Doc. No. 9-11) In his petition for relief, Mr. Bronson alleged ineffective assistance of trial counsel, citing Mr. Davis's failure to ask certain questions during his cross-examination of the State's witnesses and his failure to call a specific witness to testify for the defense. *Id.* at pp.6-8. Mr. Bronson's Rule 37 petition was denied as untimely on September 17, 2020. (Doc. No. 9-14)

While his Rule 37 petition was still pending, Mr. Bronson filed a motion to recall the February 28 appellate mandate and a motion for a copy of the direct appeal record and his brief. (Doc. No. 9-15; Doc. No. 9-18) Mr. Davis responded to Mr. Bronson's motion for copies on September 28, 2020, summarily denying Mr. Bronson's allegations of ineffective assistance. (Doc. No. 9-19) Both motions were denied without explanation. (Doc. No. 9-16; Doc. No. 5 at p.12)

### C. Federal Habeas Petition

Mr. Bronson filed the pending *pro se* petition for writ of habeas corpus with this Court under 28 U.S.C. § 2254. (Doc. No. 2) In his petition and his brief in support, Mr. Bronson raises two grounds for relief: the first is regarding Mr. Davis's failure to notify him that his conviction had been affirmed on direct appeal and Arkansas's lack of a procedural rule requiring attorneys to provide such notification; and second, a general claim of ineffective assistance of counsel. (Doc. No. 2; Doc. No. 5)

Mr. Bronson claims that his trial counsel was ineffective for failing to ask "preferred questions" and for failing to question witnesses "properly or professionally." (Doc. No. 2 at p.7) He also claims that his counsel's failure to notify him that his conviction was affirmed caused him to miss the deadline for filing a timely Rule 37 petition. (Doc. No. 5 at p.6)

In his response to the petition, Director Payne contends that Mr. Bronson's claims are procedurally defaulted and that, alternatively, they are without merit. (Doc. No. 9)

### III.  Procedural Default:

Procedural default bars federal review of a state conviction if the petitioner failed to fairly present the claim in state court and a state procedural rule would bar him from bringing the claim if he returned to state court. *Kennedy v. Kemna*, 666 F.3d 472, 480 (2012), *cert. denied*, 568 U.S. 1012 (2012) (a claim is procedurally defaulted if a petitioner failed to raise it in state proceedings).

All ineffective-assistance-of-counsel claims, including those raised by Mr. Bronson in his petition, must first be brought in a state post-conviction petition under Rule 37 of the Arkansas Rules of Criminal Procedure. Though Mr. Bronson brought a Rule 37 petition alleging ineffective assistance of counsel, it was dismissed as untimely pursuant to a procedural rule. See ARK. R. CRIM. P. 37(c)(ii) (allowing defendants who have appealed their judgment of conviction 60 days to file a Rule 37 petition after a mandate is issued by the appellate court). Accordingly, Mr. Bronson's claims are procedurally defaulted, which precludes the Court from addressing the merits of his constitutional claims unless his claims fall under an exception.

A habeas petitioner's default can be excused, but only in limited circumstances. In order for a court to excuse procedural default, a petitioner must demonstrate cause for the default and actual prejudice flowing from the violation of federal law; or alternatively, that a failure to consider the claims would result in a fundamental miscarriage of justice. *Franklin v. Hawley*, 879 F.3d 307, 313-14 (8th Cir. 2018) (quoting *Coleman v. Thompson*, 501 U.S. 722, 750 (1991)). Under the cause-and-prejudice standard, cause is established when some objective factor, external to the defense, impeded a petitioner's efforts to comply with the state's procedural rules. *Id*. at 313 (citing *Coleman*, 501 U.S. at 753).

One way for a petitioner to demonstrate cause for default is by showing "extraordinary circumstances beyond his control," such as where his attorney "abandoned him." *Maples v. Thomas*, 565 U.S. 266, 283 (2012). In *Maples*, the Supreme Court found that a petitioner was "abandoned" when his attorneys of record ceased to represent him without giving him notice and without seeking leave of court to withdraw from the case. Counsels' withdrawal in that case caused the petitioner to miss an appellate filing deadline. As the Supreme Court observed, the petitioner had no means of receiving notice from the court and no opportunity to find a new attorney or otherwise "fend for himself."

This Court must determine whether, under the *Maples* standard, Mr. Bronson was abandoned by his attorney of record, Mr. Davis. Though Mr. Bronson had no right to an attorney when filing his Rule 37 petition, under the Sixth Amendment, his right to counsel includes his direct appeal. See *Evitts v. Lucey*, 469 U.S. 387, 394 (1985) (noting that the right to counsel extends to the first appeal as of right). This right to counsel

includes "being available to assist in preparing and submitting a brief to the appellate court," as well as being an "active advocate." *Id.*

Based on the facts available to the Court, Mr. Davis failed to uphold this standard. According to Mr. Bronson, his last communication from Mr. Davis was on October 28, 2018 (Doc. No. 9-9 at p.6), which was 10 months before his direct appeal brief was filed, and 16 months before his appeal was affirmed and the mandate issued, which started the 60-day clock for Mr. Bronson to file his Rule 37 petition. Mr. Bronson states that he sent Mr. Davis numerous letters during that time, none of which were responded to. (Doc. No. 5 at p.7; Doc. No. 9-18 at pp.5-6) Because Mr. Davis was still listed as Mr. Bronson's attorney of record, Mr. Bronson did not receive any copies of the filings in his case (see Ark. Sup. Ct. R. 5-2(a)), and only received information about the status of his appeal after writing to the clerk of court for information. (Doc. No. 2 at pp. 30-32) There is nothing in this record to contradict Mr. Bronson's allegations against Mr. Davis, other than Mr. Davis's September 28, 2020 response to Mr. Bronson's motion for copies, where he "denie[d] all . . . material allegations." (Doc. No. 9-19)

If Mr. Bronson's version of events is true, then as a result of Mr. Davis's failure to communicate with Mr. Bronson—or alternatively, to seek leave of the court to withdraw from the case—Mr. Bronson was effectively abandoned by his attorney and was unable, therefore, to timely file his Rule 37 petition through no fault of his own.

Even if the Court assumes the truth of Mr. Bronson's allegations and finds cause for his procedural default, however, Mr. Bronson's claim for relief fails. Because there is no showing of prejudice, the Court cannot excuse Mr. Bronson's procedural default.

Once a petitioner shows cause for his default, he must go further and show that he was "actually prejudiced." See *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). Though there are different standards for assessing actual prejudice, when procedural default is caused by ineffective assistance of counsel, the petitioner must demonstrate a reasonable probability that, but for the counsel's failure, he would have been granted Rule 37 relief. See *Thomas v. Payne*, 960 F.3d 465, 477 (8th Cir. 2020) (applying the *Strickland v. Washington* prejudice standard to a procedural default caused by ineffective assistance of counsel, 466 U.S. 668 (1984)). Here, the Court must determine whether the trial court probably would have granted Mr. Bronson relief had he timely filed his Rule 37 petition.

After reviewing Mr. Bronson's Rule 37 petition (Doc. No. 9-11), it is highly doubtful that the trial court would have granted relief. When evaluating Rule 37 petitions alleging ineffective assistance of counsel, Arkansas courts apply a two-prong test under *Strickland*: Was counsel's performance was deficient? And, did that deficient performance prejudice the defense "to the extent that the appellant was deprived of a fair trial"? *Bryant v. State*, 2013 Ark. 305, 2, 429 S.W.3d 193, 196 (2013). If the answer to either question is "no," the petitioner's Rule 37 claim fails. *Id.*

In assessing trial counsel's performance, the petitioner bears the substantial burden of overcoming a "strong presumption that trial counsel's conduct [fell] within the wide range of reasonable professional assistance" by "identifying specific acts or omissions of trial counsel, which, when viewed from counsel's perspective at the time of the trial, could not have been the result of reasonable professional judgment." *Id.* If the petitioner

7

clears this first hurdle, he must then show, "a reasonable probability that the fact-finder's decision would have been different absent counsel's errors." *Id.*

In his Rule 37 petition, Mr. Bronson alleged that his counsel was ineffective by failing to ask certain questions while cross-examining a prosecution witness, and by failing to call a specific witness for the defense. (Doc. No. 9-11) Under Arkansas law, the decision of trial counsel to call—or not to call—witnesses is generally deemed to be a matter of trial strategy. Likewise, counsel have wide discretion in deciding how aggressively to cross-examine witnesses according to their best judgment. See *Bryant*, 2013 Ark. at 11, 429 S.W.3d at 201 ("[a]s a matter of strategy, counsel's decision not to vigorously cross-examine the victim would be beyond the purview of a Rule 37.1 proceeding"); *Wertz v. State*, 2014 Ark. 240, 4, 434 S.W.3d 895, 900 (2014) ("with respect to an ineffective-assistance-of-counsel claim regarding the decision of trial counsel to call a witness, such matters are generally trial strategy and outside the purview of Rule 37.1"). Even if a petitioner can prove that the witness strategy was not reasonable professional judgment, to prevail on a Rule 37 claim the "petitioner is required to establish that there was a reasonable probability that, had counsel performed further investigation and presented the witness, the outcome of the trial would have been different." *Wertz*, 2014 Ark. at 4, 434 S.W.3d at 900.

Here, Mr. Bronson lists the specific questions he thinks his counsel should have asked and names the specific witness he thinks his counsel should have called to testify. (Doc. No. 9-11) He also explains how the outcome of his trial would have been different if his lawyer had followed the strategy he now lays out. *Id.* Based on this record, Mr.

8

Bronson has not demonstrated that he was prejudiced by the manner his counsel examined and called witnesses at trial. To the contrary, the evidence presented at Mr. Bronson's trial overwhelmingly points to his guilt, including a witness who testified as to the details of Mr. Bronson's prior sexual assault of a minor, thereby showing a pattern of behavior. (Doc. No. 9-3 at pp.533-536)

Even if counsel had acceded to Mr. Bronson's demand that he cross-examine the eight-year-old victim to show that her physical injuries might have resulted from a bicycle accident and even if counsel had called the witness to testify that the victim had a bicycle, it is highly unlikely that this testimony would have created reasonable doubt about Mr. Bronson's guilt. For one thing, an expert witness in the State's case in chief had already testified that the specific location of the child's injuries pointed to sexual assault rather than a bicycle accident. (Doc. 9-2 at pp.420-428)

The Court could still review Mr. Bronson's claims in spite of his procedural default if there were *new* evidence to support a claim of actual innocence. *Nash v. Russell*, 807 F.3d 892, 898 (8th Cir. 2015) (citing *Schlup v. Delo*, 513 U.S. 298 (1995)). In this case, however, Mr. Bronson has not alleged that he is actually innocent of the crime. Therefore, this exception does not merit further discussion.

Mr. Bronson procedurally defaulted his claims. He has failed to meet the "actual prejudice" prong of excuse for procedural default; and he has failed to establish "actual innocence." This Court cannot review the merits of his petition. The petition should be summarily dismissed.

## IV. <u>Certificate of Appealability</u>:

When entering a final order adverse to a petitioner, the Court must issue or deny a certificate of appealability. Rule 11 of the Rules Governing Section 2254 Cases in the United States District Court. The Court can issue a certificate of appealability only if Mr. Bronson has made a substantial showing that he was denied a constitutional right. 28 U.S.C. § 2253(c)(1)-(2). In this case, Mr. Bronson has not provided a basis for the Court to issue a certificate of appealability. Accordingly, a certificate of appealability should be denied.

## V. <u>Conclusion</u>:

Because Mr. Bronson's claims are procedurally defaulted, the Court recommends that Judge Miller DISMISS the petition for writ of habeas corpus, with prejudice.

DATED this 5th day of January, 2021.

_____
UNITED STATES MAGISTRATE JUDGE